UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

        -against-                                     16-cr-0488 (LAK)

LEONARD STERLING,

                        Defendant(s).
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
LEONARD STERLING,

                        Movant,

        -against_                                    20-cv-6411 (LAK)

UNITED STATES OF AMERICA,

                        Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        Leonard Sterling was convicted on his plea of guilty of one count of conspiracy to distribute and possess with intent to distribute heroin and crack cocaine and was sentenced principally to a term of imprisonment of 72 months.

        On August 11, 2020, the Clerk's Office received and docketed (16-cr-488 Dkt 222) Sterling's *motion for compassionate release*. The docket entry, however, incorrectly describes that motion as follows:

08/11/2020    \* 222  *MOTION to Vacate under 28 U.S.C. 2255.* Document filed by Leonard Sterling. (rdz)
Civil case 1:20-cv-06411 opened. (Entered: 08/13/2020)

As that incorrect docket entry reflects, however, the Clerk's Office also opened a civil case, No. 20-

6411, as normally would be done upon receipt of a motion to vacate under 28 U.S.C. § 2255 but should not have been done with respect to a motion for compassionate release which is purely a part of the criminal case.

The docket entry in the newly opened civil case, No. 20-cv-6411, reads:

08/11/2020   2   MOTION to Vacate, Set Aside or Correct Sentence (28 U.S.C. 2255). NO FURTHER ENTRIES. PLEASE SEE CRIMINAL CASE: 16-cr-488 (LAK).Document filed by Leonard Sterling.(rdz) (Entered: 08/14/2020)

That too is incorrect, because the paper filed was the very same motion for compassionate release entered on the criminal docket.

Yet another event of note occurred on August 11, 2020. The Clerk's Office received another motion for compassionate release on behalf of Sterling and this time correctly docketed it in the criminal case as Dkt 224 and described it correctly. This one was identical to the paper given the docket item number 222 except that it contain, in addition to the motion itself, various medical records.

In due course, the Court granted the compassionate release motion. 16-cr-0488, Dkt. 232. It entered an order terminating the compassionate release motion. But the first of the three motions – all based on the same compassionate release motion filed three times – remained open in the criminal case as does the civil case mistakenly opened by the Clerk's Office.

To be clear, Leonard Sterling, so far as the docket sheets and underlying papers show, never filed an motion to vacate under 28 U.S.C. § 2255. Docket entry 222 in 19-cr-488 misdescribes the paper that was filed and should be stricken altogether. The civil case that was opened, 20-cv-6411, never should have been opened. Accordingly, the Clerk is directed to terminate docket entry 222 in the criminal case as a pending motion, to correct or remove the erroneous description of that paper in that docket entry, to close 20-cv-6411, and to correct or remove the erroneous description of the filing in docket entry 2 in that case.

SO ORDERED.

Dated:   February 19, 2021

_____
Lewis A. Kaplan
United States District Judge